**LITE DePALMA GREENBERG & RIVAS, LLC**
Victor A. Afanador, Esq.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
(973) 623-3000
Attorneys for Defendant,
The City of Paterson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD ORTIZ, JUAN M. BAEZ II, QIN FA ZHENG, SIMON BARBOSA, JONATHAN OLIVA, LUIS ARAOZ, and AHMET KOTSEV, individually and on behalf of all others similarly situated,<br><br>     Plaintiff(s),<br><br>v.<br><br>CITY OF PATERSON, NEW JERSEY and JERRY SPEZIALE, SHERIFF OF PASSAIC COUNTY, NEW JERSEY,<br><br>     Defendants. | Civil Action 05-cv-1770 (JLL)<br><br>**DEFENDANT CITY OF PATERSON'S STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1 IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

  Pursuant to L.Civ.R. 56.1, defendant City of Paterson submits the following statement of facts as to which there does not exist a genuine issue.

  1. On February 25, 2004 the City of Paterson adopted the City of Paterson Forfeiture Ordinance 03-099(the "City Ordinance") to combat its prostitution and drug problem, which "aims at making offenders absorb the costs related to the enforcement of laws prohibiting the aforesaid conduct . . ." and "act as a deterrent and help alleviate the problem." (Certification of Victor A. Afanador, Esq. ("Afanador Cert."), Exhibit A - City Ordinance 03-099).

2.	On or about April 4, 2005 the plaintiffs filed a class action lawsuit against the City of Paterson seeking to render the City Ordinance: (1) unconstitutional as a violation of the Fourth Amendment of the United States Constitution; (2) unconstitutional as a violation of the Fifth Amendment's Substantive Due Process Clause of the United States Constitution; (3) unconstitutional as a violation of the Sixth Amendment's Substantive Due Process Clause of the United States Constitution; (4) unconstitutional as a violation of the Eighth Amendment of the United States Constitution; (5) unconstitutional as a violation of the 14th Amendment's Equal Protection Clause of the United States Constitution; (6) unconstitutional as a violation of the Equal protection Clause of the New Jersey State Constitution; (7) Pre-empted under State of New Jersey Forfeiture Act N.J.S.A. 2C:64-1 et seq. (The "State Forfeiture Act"); (8) unconstitutional under a theory of Municipal Liability (an unclear cause of action); and lastly (9) unconstitutional on a theory of Conversion. (Afanador Cert, Exhibit B - Complaint; Exhibit C - State Forfeiture Act).

3.	The Complaint generally alleges that the City unconstitutionally seized vehicles owned or operated by plaintiffs, who were charged with criminal violations for either soliciting prostitutes or for the purchase and/or sale of controlled dangerous substances, and forced the plaintiffs to pay certain fees in order to have the vehicles released without due process of law.  Moreover, the Complaint alleges that the plaintiffs are entitled to legal fees under 42 U.S.C. § 1983 for all of the aforementioned constitutional violations.  (Id..).

4.	On April 24, 2006, The Honorable Ronald J. Hedges, U.S.M.J.  entered a case management order directing the parties to file all dispositive motions as to facial invalidity and preemption by May 12, 2006.  (Afanador Cert. ¶ 3).

5.      The case is currently in the discovery stage. Both parties have exchanged document production requests and interrogatories but have not completed responses to same as of the date of this motion. (Afanador Cert. ¶ 4).

**LITE DEPALMA GREENBERG & RIVAS, LLC**

By: /s/ Victor A. Afanador
Victor A. Afanador
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 623-3000
*Attorneys for Defendant City of Paterson*

Dated: May 12, 2006